UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

DIAMOND ELECTRIC
MFG. CO., LTD.

        Defendant.
_____/

Case:2:13-cr-20524
Judge: Borman, Paul D.
MJ: Whalen, R. Steven
Filed: 07-16-2013 At 09:31 AM
INFO USA V. DIAMOND ELECTRIC MFG CO
(TAM)

Violation: 15 U.S.C. § 1

## INFORMATION

### COUNT ONE
### CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

**Defendant and Co-Conspirators**

1.    Diamond Electric Mfg. Co., Ltd. ("Defendant") is a corporation organized and existing under the laws of Japan with its principal place of business in Osaka, Japan. During the period covered by this Information, Defendant was engaged in the business of manufacturing and selling ignition coils to Ford Motor Company, Toyota Motor Corporation, and Fuji Heavy Industries Ltd., and certain of their subsidiaries and others ("automobile manufacturers"), for installation in vehicles manufactured and sold in the United States and elsewhere.

2.    Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Background of the Offense

4. During the period covered by this Information, Defendant and its co-conspirators supplied ignition coils to automobile manufacturers for installation in vehicles manufactured and sold in the United States and elsewhere. During the period covered by this Information, Defendant and its co-conspirators manufactured ignition coils: (a) in the United States and elsewhere for installation in vehicles manufactured and sold in the United States; (b) in Japan and elsewhere for export to the United States and installation in vehicles manufactured and sold in the United States; and (c) in Japan and elsewhere for installation in vehicles manufactured in Japan and elsewhere for export to and sale in the United States.

5. Ignition coils are part of the fuel ignition system and release electric energy suddenly to ignite a fuel mixture. When purchasing ignition coils, automobile manufacturers typically issue Requests for Quotation ("RFQs") to automotive parts suppliers on a model-by-model basis for model specific parts. Automotive parts suppliers submit quotations, or bids, to the automobile manufacturers in response to RFQs, and the automobile manufacturers award the business to the selected automotive parts supplier for the lifespan of the model, which is usually four to six years. Typically, the bidding process for a particular model begins approximately three years prior to the start of production. Automobile manufacturers procure parts for U.S.-manufactured vehicles in the United States and elsewhere.

## Conspiracy to Restrain Trade

6.      From at least as early as July 2003 and continuing until at least February 2010, the exact dates being unknown to the United States, Defendant and its co-conspirators participated in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of, ignition coils sold to automobile manufacturers in the United States and elsewhere. The combination and conspiracy engaged in by Defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

7.      The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and its co-conspirators, the substantial terms of which were to rig bids for, and to fix, stabilize, and maintain the prices of, ignition coils sold to automobile manufacturers in the United States and elsewhere.

## Manner and Means of the Conspiracy

8.      For purposes of forming and carrying out the charged combination and conspiracy, Defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

    a.      participating in meetings, conversations, and communications in the United States and elsewhere to discuss the bids and price quotations to be submitted to automobile manufacturers in the United States and elsewhere;

    b.      agreeing, during those meetings, conversations, and communications, on bids and price quotations to be submitted to automobile manufacturers in the United States and elsewhere;

    c.    agreeing, during those meetings, conversations, and communications, to allocate the supply of ignition coils sold to automobile manufacturers in the United States and elsewhere;

    d.    agreeing, during those meetings, conversations, and communications, to coordinate price adjustments requested by automobile manufacturers in the United States and elsewhere;

    e.    submitting bids, price quotations, and price adjustments to automobile manufacturers in the United States and elsewhere in accordance with the agreements reached;

    f.    selling ignition coils to automobile manufacturers in the United States and elsewhere at collusive and noncompetitive prices;

    g.    accepting payment for ignition coils sold to automobile manufacturers in the United States and elsewhere at collusive and noncompetitive prices;

    h.    engaging in meetings, conversations, and communications in the United States and elsewhere for the purpose of monitoring and enforcing adherence to the agreed-upon bid-rigging and price-fixing scheme; and

    i.    employing measures to keep their conduct secret, including, but not limited to, using code names and meeting at remote locations.

## Trade and Commerce

9.    During the period covered by this Information, Defendant and its co-conspirators sold to automobile manufacturers located in various states in the United States substantial quantities of ignition coils shipped from outside the United States and from other states in a continuous and uninterrupted flow of interstate and foreign trade and commerce. In addition,

substantial quantities of equipment and supplies necessary to the production and distribution of ignition coils sold by Defendant and its co-conspirators, as well as payments for ignition coils sold by Defendant and its co-conspirators, traveled in interstate and foreign trade and commerce. The business activities of Defendant and its co-conspirators in connection with the production and sale of ignition coils that were the subject of the charged conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## Jurisdiction and Venue

10. The combination and conspiracy charged in this Information was carried out, at least in part, in the Eastern District of Michigan within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:  7/16/2013


s/ Scott D. Hammond
Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

s/ Lisa M. Phelan
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice


s/ Marvin N. Price
Marvin N. Price
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

s/ Kathryn Hellings
Kathryn Hellings
Mark C. Grundvig
Jason D. Jones
Trial Attorneys
United States Department of Justice
Antitrust Division
National Criminal Enforcement Section
450 5th St. NW, Suite 11300
Washington, DC 20530-0001
(202) 307-6694

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case: 2:13-cr-20524<br>Judge: Borman, Paul D.<br>MJ: Whalen, R. Steven<br>Filed: 07-16-2013 At 09:31 AM<br>INFO USA V. DIAMOND ELECTRIC MFG CO<br>(TAM) |
|---|---|---|

NOTE: It is the responsibility of the Trial Attorney signing this form to com

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ ]

| Companion Case Information | Companion Case Number: 2:12-cr-20063 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: Hom. George Caram Steeh |
| ☒ Yes   ☐ No | AUSA's Initials: _MG_ |

Case Title: USA v. Diamond Electric Mfg. Co., Ltd.

County where offense occurred: Monroe

Check One:   ☒ Felony   ☐ Misdemeanor   ☐ Petty

\_\_\_\_Indictment/ ✓ Information --- **no prior complaint.**
\_\_\_\_Indictment/\_\_\_\_Information --- based upon prior complaint [Case number: \_\_\_\_]
\_\_\_\_Indictment/\_\_\_\_Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

Superseding to Case No:_____   Judge:_____

\_\_\_\_ Original case was terminated; no additional charges or defendants.
\_\_\_\_ Corrects errors; no additional charges or defendants.
\_\_\_\_ Involves, for plea purposes, different charges or adds counts.
\_\_\_\_ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| | | |

---

**Please take notice that the below listed Trial Attorney is the attorney of record for the above captioned case.**

July 16, 2013
Date

*/s/ Mark Grundvig*
Mark Grundvig
Trial Attorney
U.S. Dept. of Justice, Antitrust Division
National Criminal Enforcement Section
450 5th St., N.W., Suite 11300
Washington, DC 20530
Phone: (202) 305-1878
Fax: (202) 305-4766
E-Mail address: mark.grundvig@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.